```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


JAMES SEBASTIAN, JR.            :
                                :
v.                              :   Civil No. WMN-04-466
                                :
JAMES SEBASTIAN, SR.            :
```

**MEMORANDUM**

Before the Court is Plaintiff James Sebastian, Jr.'s, motion to vacate this Court's stay of proceedings.  Paper No. 16.  The motion is fully briefed and ripe for decision.  Upon a review of the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's motion will be denied for as long as the Pennsylvania state court proceedings that affect Plaintiff are under the exclusive control of the Orphans' Court.

In its July 16, 2004, Memorandum and Order denying Defendant's motion to dismiss for lack of jurisdiction, the Court detailed the specifics of this bitter father-son dispute.  The crux of the dispute is that Defendant loaned Plaintiff money for the purchase and renovation of a Maryland home that has now been sold for a substantial profit. Plaintiff has repaid the loan principal, but the parties dispute what remains due under their unwritten loan agreement. Plaintiff also alleges that Defendant is liable for

intentional infliction of emotional distress because of Defendant's menacing behavior towards him and his family.

Prior to the instant suit, Defendant had filed two suits against Plaintiff in Pennsylvania state court, each of which was dismissed with prejudice after removal to federal court. Believing that Defendant intended to pursue additional litigation over the house loan, Plaintiff filed a declaratory judgment action here on February 23, 2004, to obtain a ruling to resolve the loan dispute. On August 4, 2004, the Court granted Defendant's unopposed motion to stay proceedings because Defendant's attorney had filed a petition for the appointment of a guardian for Defendant's estate. On October 25, 2004, the Orphans' Court of Delaware County, Pennsylvania, declared Defendant incapacitated as of January 1, 1994, and appointed the Hon. Thomas Gannon as guardian of Defendant's estate. Plaintiff then moved to lift this Court's stay. In its letter of February 9, 2005, the Court indicated its inclination to do so, with Defendant's guardian acting as guardian <u>ad litem</u>.[1]  Yet, mindful of the sparse citation to legal authority in the parties' filings to that point, the Court allowed further briefing on the matter.

---

[1] In so doing, the Court made a clerical error by citing Rule 7(c); the proper Rule is 17(c).

Defendant now argues that the Court should use its discretion to keep the stay in place because the dispute is being timely resolved in the Orphans' Court and the probate exception to federal diversity jurisdiction puts this Court's jurisdiction over the matter in doubt.  Plaintiff argues the following: (1) the guardian lacks impartiality and has already deemed him a thief; (2) the house is not part of Defendant's estate and is outside the jurisdiction of the Orphans' Court; (3) quick resolution of this matter will expedite the Pennsylvania proceedings; and (4) Count II, alleging intentional infliction of emotional distress, lies entirely beyond the scope of matters to be addressed by the Orphans' Court.

The Supreme Court has long held that "a federal court has no jurisdiction to probate a will or administer an estate" but has jurisdiction over claims against an estate "so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court."  Markham v. Allen, 326 U.S. 490, 494 (1946).  The Fourth Circuit also considers it "well settled that the federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts."  Foster v. Carlin, 200 F.2d 943, 947

3

(4th Cir. 1953); Turja v. Turja, 118 F.3d 1006, 1009 (4th Cir. 1997) (quoting Foster).  At the same time, however, it has held that federal court diversity jurisdiction may exist where the suit concerns "matters which do not involve administration of an estate or the probate of a will, but which may be determined in a separate action inter partes in the courts of general jurisdiction of the state . . . ."  Id.  The relevant inquiry is "whether the action could be maintained in a state court of general jurisdiction in the state where the federal court sits."  Id.

Finding that federal subject matter jurisdiction exists, however, does not end the inquiry.  "Even where a particular probate-like case is found to be outside the scope of the probate exception, the district court may, in its discretion, decline to exercise its jurisdiction."  Rice v. Rice Foundation, 610 F.2d 471, 477 (7th Cir. 1979).

Considering the facts of this case and the legal standards, the Court will not lift its stay at this point in the proceedings.  While this Court may have jurisdiction over Plaintiff's suit, it need not resolve the issue now. Currently, the Pennsylvania proceedings are under the exclusive control of the Orphans' Court and are presumptively making some progress towards a resolution of the underlying

4

dispute in this case.  As long as the Orphans' Court maintains exclusive control over the Pennsylvania proceedings, this Court is not inclined to lift its stay.[2]  <u>Foster</u>, 200 F.2d at 947.

If the guardian subsequently files suit against Plaintiff in a Pennsylvania court of general jurisdiction, Plaintiff is free to file a new motion to lift the stay.  At that point, this Court would fully reconsider the motion using the legal standards outlined above and any other applicable law.

For the reasons stated above, the Court will deny Plaintiff's motion to lift the stay.  A separate order consistent with the reasoning of this memorandum will follow.

_____/s/_____<br>
William M. Nickerson<br>
Senior United States District Judge

Dated: April 19, 2005

---

[2] The parties indicate that Plaintiff is resisting deposition by the guardian pursuant to his estate administration duties in hopes that the action in this Court can be resolved first.  This Court does not anticipate lifting the stay before the guardian has deposed Plaintiff and completed his report to the Orphans' Court.

5